### BEALL *vs.* LEVERETT, Adm'r.

1. The Transferree of a Promissory Note, payable one day after date, to which, on suit brought, a plea of failure of want of consideration is interposed, is not, in the absence of all proof on the subject, entitled to the benefit of the presumption that he took the note before due, and without notice; such holder does not occupy the position of an innocent purchaser.

2. A new trial will not be granted, on the ground that the verdict was against the evidence, when, from the facts in proof, the jury might reasonably have arrived at a conclusion that will support the verdict.

Assumpsit, in Webster Superior Court. Tried before Judge PERKINS, at the September Term, 1860.

This was an action brought by Erasmus T. Beall, as bearer, against Martin M. Leverett, as administrator of John R. Leverett, deceased, to recover the amount of a promissory note, made by John R. Leverett, in his lifetime, payable to H. W. Jernigan, or bearer, dated the 13th of December, 1848, and due one day after date, for two hundred dollars.

The defendant resisted the plaintiff's recovery on the ground that the note was given in consideration of an agreement, on the part of Jernigan, to wait on, physic, and try to cure the said John R. Leverett of a cancer with which he was at the time afflicted; that said Jernigan was to continue

these efforts to cure during the lifetime of said John R. Leverett, unless a final cure was sooner effected; said Leverett, in the meantime, paying said Jernigan for board and medicines; that said John R. Leverett did pay for the board and medicines furnished, but Jernigan wholly failed to perform his part of the agreement, and that the consideration of the note had wholly failed.

The defendant also pleaded a partial failure of the consideration of said note.

On the trial of the case in the Court below, the plaintiff introduced and read, in evidence, the note sued on, and closed his case.

The defendant proved, by the depositions of Mrs. Jane Foreman: That she was boarding at the house of Henry W. Jernigan, in Glenville, Alabama, in December, 1848, for the purpose of being cured by Jernigan of a cancer with which she was then afflicted, and that she heard Jernigan say that John R. Leverett was to pay him for board and medicines, and give him four hundred dollars, if Jernigan cured him of the cancer under which Leverett labored, and that if he failed to cure him, he was to attend to him during life for two hundred dollars; that Leverett died in the year 1850, and she has heard that Jernigan is dead, but does not know it to be true.

The defendant also proved, by the deposition of Clement A. Chatham: That, as a physician, he attended John R. Leverett in his last sickness; that said Leverett died of a cancerous affection of the inguinal glands, primarily located in the penis; that the patient detailed to the witness the following history of the case, to-wit: that some months before the visit of witness the cancer made its appearance in the glands of the penis, but that, for the last few months, those glands had continued to enlarge, and that they had been enlarged previous to the amputation of the affected member; that the witness first found the glands in a state of ulceration and suppuration, and they so continued until they caused his death from hemorrhage; that the attendance of witness upon said Leverett was after he returned from Alabama, and

that Martin M. Leverett, as administrator, paid the bill of the witness; that, for some two months previous to his death, the witness frequently visited said Leverett, for which he made no charge, as he felt certain he must die; that said Leverett was at his own residence, in Stewart county, all the time witness attended him, and that he died at his residence.

The defendant also proved by Elias Beall: That he heard a conversation between Erasmus T. Beall and John R. Leverett, in which Beall told Leverett that he must not think hard of his suing him, for that Gachet had sent the note over to him for collection; that Leverett said he had been to see Jernigan in Alabam,a to be cured of a cancer; that he had given Jernigan his note for two hundred dollars; had paid him some money, and was to pay him more provided he cured him of the cancer.

The testimony then closed, and the presiding Judge charged the jury, who returned a verdict for the defendant.

Council for the plaintiff then moved for a new trial, on the grounds following, that is to say:

1. Because the verdict of the jury is contrary to the following charge of the presiding Judge: "That in order for the jury to find for the defendant, provided he has made out his defence, they must be satisfied from the evidence that either said Beall or Gachett came into the possession of the note after it became due, or if he took it before due, then, in that case, that he took it with notice of the failure of the consideration in whole or in part."

2. Because the verdict is contrary to the following charge of the presiding Judge, that is to say: "That if the jury believed from the evidence, that in consideration that Jernigan would treat and endeavor to cure Leverett of a cancer, and would board the said John R. Leverett, and furnish him with medicines, that he, Leverett, was to pay Jernigan $200 certain, and was to pay him for his board and medicines, and the further sum of $200 if he effected a cure, and, if necessary, Jernigan was to practice upon him the balance of his life, and that the note sued on was given in part performance of such contract—then, to enable the defendant to

make out his defence, he must make it appear that said Jernigan failed, in whole or in part, to perform his part of the contract. But if it appeared that Jernigan was not in fault, but that Leverett failed to apply to him for medical treatment, pursuant to the contract, then Leverett was in fault, and the defence could not be sustained."

3. Because the verdict was contrary to the following charge of the presiding Judge, to-wit: "That if it should appear from the evidence, that Jernigan was to treat and endeavor to cure Leverett at the residence of Jernigan, in Glenville, Alabama, then Jernigan was not bound to visit and treat said Leverett at his residence in Stewart county, Georgia."

4. Because the verdict of the jury was contrary to the evidence, decidedly and strongly.

5. Because the verdict was contrary to the law.

The motion for a new trial was overruled, and the writ of error is prosecuted in this case to reverse that decision of the presiding Judge.

B. S. WORRILL for plaintiff in error.

E. H. BEALL for defendant in error.

*By the Court.*—LYON, J., delivering the opinion.

The only question made in this case is, whether the verdict is contrary to law and the evidence.

Counsel for plaintiff in error insists that it is:

1. Because there is no evidence but that the plaintiff, or those under whom he holds, was a *bona fide* holder of the note without notice of the want of consideration set up by defendant.

This position assumes that the *onus* lies on the defendant to show that the plaintiff took the note after its maturity. Ordinarily, that is when the note has some time to run from execution to maturity, this is true; but we do not think that principle applies to notes like this, due one day after its date; for the time run is so short that it is not probable

that it should be put into circulation before maturity, at least not sufficiently so to raise such a presumption in favor of the holder.   Notes given due and payable at the time of their execution, or at one day after date, do not belong to that class of paper intended for negotiation and circulation for commercial purposes, in which all the presumptions are in favor of the holder, in order to protect innocent purchasers, and to encourage and foster their circulation ; but they are given more as an evidence of indebtedness by the maker to the payee.   In all such paper there is no intention by the maker, or expectation on the part of the payee or holder, that the note will be paid on the next day when it becomes due and payable.   We cannot, therefore, hold that the verdict was contrary to the evidence in this particular.   If the plaintiff had shown affirmatively that the note had passed *bona fide* from the payee before it was actually due, and without any notice of the defence, or the purpose for which the note was given, we are inclined to think, though not positive even as to that, that he would have been protected from this defence.

2.  Because there is no evidence but that the payee, Jernigan, fully performed his part of the contract, or offered to do so, and that, therefore, the verdict was against law and the evidence.

To dispose of this position, it is necessary to advert to the facts.   Jernigan, the payee, residing in the State of Alabama at the date of the note, professed to be able to cure John R. Leverett, the maker of the note, and the defendant's intestate, of a cancer, with which he was afflicted at that time—at least, he offered to do so—and agreed to board the intestate and furnish medicines for that purpose, whilst he was treating the disease; and in consideration of this promise and agreement on the part of Jernigan, the intestate promised to pay Jernigan the sum of $200, which was to be paid certainly, whether a cure was effected or not, and the additional sum of $200, in case a cure was effected ; besides this, Leverett was to pay for his board and the medicines furnished,

Beall *vs.* Leverett, adm'r.

and Jernigan was to attend to Leverett as long as he lived, for the $200. .

It is not doubted but that the note was given upon this consideration; it was given at the time the contract was made, in December, 1848; there were no other dealings between the parties. If the fact that this contract formed the consideration of the note had been denied, the jury would have been fully authorized, from the facts, in the absence of all other proof, to have so found. But was the note given in liquidation of the sum to be paid certainly, or for that dependant on a cure? The only evidence upon the subject, is the declarations of the maker, as testified to by Elias Beall, and that went to the jury as evidence, that he, Leverett, had been to Jernigan to be cured of a cancer; that he had given said Jernigan his note for $200; *that he had paid him some money, and was to pay him more provided he cured him of the cancer.* A fair interpretation of this statement is, that although he, Leverett, had given to Jernigan his note far $200, on account of this contract, yet he was not to pay him any more money on that account, unless Jernigan succeeded in curing him of the cancer. Considering this as a fact, and the jury had a right to so consider, if they so believed, this note was not given for the sum certain, but the sum conditional, and, in that view, the verdict was not only not against, but with the evidence, as no cure was ever made by Jernigan of the cancer.

We frankly admit that the evidence is not very satisfactory, but we cannot say that the verdict is so much against the. evidence as to require us to interfere with the discretion of the Court below in refusing a new trial; and, as this is the only question in the case, the judgment of the Court below must be affirmed.

Judgment affirmed.